J. S28008/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JERMAINE SMITH, | : | No. 2791 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 18, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009568-2010

BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED AUGUST 11, 2014**

Jermaine Smith appeals from the judgment of sentence of September 18, 2012, following his conviction of first-degree murder and possession of an instrument of crime ("PIC"). We affirm.

On the evening of November 13, 2009, appellant, also known as "Maniac," shot the victim, Isaac Nesmith ("Nesmith"), numerous times at close range while Nesmith sat in his parked van. Richard Broady ("Broady"), also known as "Rich Boy," witnessed the shooting from across the street and identified appellant as the shooter. In addition, Thomas Spence ("Spence"), also known as "Beeb," was a passenger in the van at the time and told police that after he was shot, Nesmith declared, "Maniac shot me." Nesmith attempted to drive away but crashed his van and was declared dead at the scene. At trial, both Broady and Spence recanted and refused to identify

---

* Retired Senior Judge assigned to the Superior Court.

appellant as the shooter. The Commonwealth was permitted to introduce their prior inconsistent statements to police, as well as Broady's preliminary hearing testimony, as substantive evidence of appellant's guilt.

Following a jury trial, appellant was found guilty of murder in the first degree and PIC. Appellant received a sentence of life imprisonment without parole for first-degree murder, and no further penalty for PIC. Post-sentence motions were denied, and this timely appeal followed. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; however, we are without the benefit of a trial court opinion since the trial judge who presided over appellant's jury trial, the Honorable Carolyn E. Temin, is no longer on the bench.

Appellant has raised the following issue for this court's review: "Whether the trial court abused its discretion by failing to grant Appellant's post sentence motion for a new trial on the grounds that the verdicts of guilty as to first degree murder and [PIC] were against the weight of the evidence?" (Appellant's brief at 2.)

> A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice.

*Commonwealth v. Lyons*, ___ Pa. ___, 79 A.3d 1053, 1067 (2013).

The Pennsylvania Supreme Court has reiterated the proper standard of review of a weight claim as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:
>
> > Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the

trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the

> action is a result of partiality, prejudice, bias or ill-will.
>
> ***Commonwealth v. Clay***, ___ Pa. ___, 64 A.3d 1049, 1054–1055 (2013) (citations omitted) (emphasis in original).

***Commonwealth v. Orie***, 88 A.3d 983, 1015-1016 (Pa.Super. 2014).

Obviously, our review of appellant's weight claim is hampered by the fact that there is no trial court opinion on the issue. The trial court denied appellant's post-sentence motions without comment. Nevertheless, we have no hesitation in concluding that the trial court did not abuse its discretion in rejecting appellant's motion for a new trial based on the weight of the evidence.

Most of appellant's argument on appeal relates to the purported unreliability of Spence's and Broady's prior inconsistent statements. Appellant argues that they only gave these statements after prolonged questioning. In addition, both Spence and Broady were on probation and Broady had outstanding warrants. (Appellant's brief at 20.) Appellant contends that Spence and Broady were coerced into implicating him.

These were arguments for the jury. As stated above, appellant does not challenge the admissibility of their prior inconsistent statements under

the **Brady**/**Lively** line of cases.[1]  Detective Kevin Judge testified that Spence was permitted to use the bathroom and was provided food and drink. (Notes of testimony, 9/13/12 at 158.)  Detective Judge characterized Broady as cooperative.  (**Id.** at 171.)  Detective Judge specifically denied coercing or threatening either Broady or Spence.  (**Id.** at 174.)  Appellant complains that the interviews were not videotaped; however, Detective Judge explained that witnesses are not typically videotaped.  (**Id.** at 163.)

Appellant also points out that police got the names of potential witnesses, including Broady and Spence, from a confidential informant ("CI").  It was unclear where the CI obtained this information.  However, regardless of the source, it is undisputed that Broady and Spence were at the scene and gave statements implicating appellant as the shooter.  Broady stated that he saw appellant shooting into the van through the front passenger window.  (Notes of testimony, 9/11/12 at 216.)  Broady told police that he saw appellant turn and tuck a gun into his jacket after the shooting, and then walk off towards the alleyway next to the Chinese store. (**Id.** at 217-218.)  Broady also testified at the preliminary hearing that he saw flashes of gunfire and the van pull away.  (**Id.** at 234.)  Appellant was

---

[1] **Commonwealth v. Brady**, 507 A.2d 66, 68 (Pa. 1986); **Commonwealth v. Lively**, 610 A.2d 7, 9-10 (Pa. 1992); P.R.E. 803.1 (a prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability and the declarant is available for cross-examination).

standing there and then zipped up his jacket and ran through the alleyway. (*Id.*)

Spence told police that he was sitting in the back of the van when he heard gunshots and saw flashes coming from the gun. (Notes of testimony, 9/12/12 at 250.) Spence also saw a black jacket. (*Id.*) After he drove off, Nesmith declared that, "Maniac shot me." (*Id.*) After the van crashed a short distance away, Broady said, "That was Maniac. He walked right back into the alleyway." (*Id.*) Both Spence and Broady were familiar with appellant and picked out his photograph.

Appellant argues that police failed to pursue other possible leads and that he was a "fall guy." (Appellant's brief at 21.) Appellant notes that the victim, Nesmith, was a drug dealer with many enemies. Appellant also complains that police failed to get a photo identification from an independent eyewitness, Scott Wilson ("Wilson"). (*Id.*) Wilson was a truck driver and witnessed the shooting.

Again, appellant's arguments in this regard were more properly made to the jury. The jury obviously chose to disbelieve Spence's and Broady's trial testimony and credit their previous statements to police, as was their prerogative. As far as Wilson, he told police he saw a black male wearing a blue hat and jacket leaning into the passenger side window of the van. (Notes of testimony, 9/13/12 at 189-190.) Wilson saw flashes of gunfire. (*Id.* at 142.) However, Wilson was driving on the opposite side of the street

and was unable to make an identification. (***Id.*** at 190-191.) Detective Judge testified that Wilson did not see the shooter's face. (***Id.*** at 143.) Detective Judge also testified that he never investigated any other suspects because the investigation did not lead him anywhere else. (***Id.*** at 192.)

Finally, appellant alleges that the Commonwealth committed prosecutorial misconduct during its closing argument by arguing that Spence and Broady recanted because of their fear of appellant. (Appellant's brief at 22.) Appellant attempts to tie this into his weight of the evidence claim by arguing that it demonstrates just how weak the Commonwealth's case was, that the prosecuting attorney had to resort to such tactics. However, appellant concedes that the trial judge gave strong cautionary instructions to the jury, telling them to disregard any facts not in evidence. (Notes of testimony, 9/14/12 at 91, 97.) Appellant admits that the alleged misconduct is not in and of itself grounds for a new trial. (Appellant's brief at 22.)

For these reasons, we determine the trial court did not abuse its discretion in denying appellant's motion for a new trial based on the weight of the evidence. The jury was free to disbelieve the witnesses' recanting testimony and instead credit their prior statements to police, as well as Broady's preliminary hearing testimony. ***See Commonwealth v. Brown***, 52 A.3d 1139 (Pa. 2012) (criminal convictions which rest solely on prior

inconsistent statements of witnesses who testify at trial do not violate due process, as long as the prior inconsistent statements, taken as a whole, establish every element of the offense charged beyond a reasonable doubt, and the finder-of-fact could reasonably have relied upon them in arriving at its decision). Certainly, the jury's verdict did not shock the judicial conscience. Appellant's weight claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014